IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SELVYN ARMANDO MENDOZA-TORRES, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CAUSE NO. EP-26-CV-725-KC |
| KRISTI NOEM et al., | § § § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered the case. Plaintiff Selvyn Armando Mendoza-Torres filed a Complaint, ECF No. 1, alleging that Defendants violated the Administrative Procedure Act and the Fifth Amendment of the Constitution when they removed Plaintiff to Honduras despite an automatic stay of his removal. *Id.* at 1–2; *id.* ¶¶ 28–46. Plaintiff concurrently filed a Motion for a Preliminary Injunction and Temporary Restraining Order ("Motion"), ECF No. 3, seeking "the issuance of parole documentation . . . to facilitate and effectuate Plaintiff's return to the United States at no cost to Plaintiff within 14 days." *Id.* at 12.

## I.    BACKGROUND

Plaintiff alleges that he entered the United States in 2019. Mot. ¶ 1. He was subsequently issued a defective Notice to Appear, which did not list a hearing date or time. *Id.* ¶ 2. Plaintiff never received a subsequent notice of any hearing. *Id.* As a result, on November 10, 2022, the Immigration Court in Charlotte, North Carolina entered an "in abstentia order of removal." *Id.*

On March 31, 2025, Plaintiff was arrested in South Carolina and transferred to Immigration and Customs Enforcement ("ICE") custody. *Id.* ¶ 3. He was initially detained at a

detention facility in Atlanta, Georgia.  *Id.*  Plaintiff obtained immigration counsel, who, on April 2 at 10:56 a.m., filed a motion to reopen with the Immigration Court, "challenging the in abstentia removal order on the grounds of defective service and lack of notice."  *See id.* ¶ 4. Plaintiff alleges that, "[u]pon filing of the Motion to Reopen, a mandatory automatic stay of removal went into effect as a matter of law."  *Id.* ¶ 5 (citations omitted) (emphasis omitted).  On April 1 and April 2, Plaintiff's counsel sent written notice to "ICE Atlanta Outreach, ICE San Antonio Outreach, and ICE El Paso Outreach" of the automatic stay.  *Id.* ¶ 6.  On April 2, Plaintiff was transferred from Atlanta to the Port Isabel Service Processing Center in Texas.  *Id.* ¶ 7.  On April 3, Plaintiff was transferred to El Paso, Texas.  *Id.* ¶ 7.  That day, Plaintiff's counsel sent ICE El Paso Outreach additional communication reiterating that the automatic stay was in place.  *Id.* ¶ 8.  Plaintiff's counsel also spoke on the phone with an ICE official in El Paso who directed counsel to contact ICE Atlanta.  *Id.*

On April 9, Plaintiff was removed from El Paso to Honduras.  *Id.* ¶ 9.  Plaintiff alleges that he "was [not] given [any] opportunity to be heard, to consult counsel, or to assert any fear-based claims before removal."  *Id.*  Plaintiff remains in Honduras.  *See id.* at 2.

On October 28, 2025, the Immigration Court granted Plaintiff's motion to reopen, and a master calendar hearing was scheduled for March 17, 2026.  *Id.* ¶ 10.  This hearing, however, was administratively rescheduled to April 8, 2027.  *Id.*  On December 11, Plaintiff's counsel submitted a facilitation of return request to ICE ERO through ICE's portal and sent supplemental written requests to ICE ERO and ICE El Paso Outreach.  *Id.* ¶ 11.  The following day, ICE acknowledged receipt of the request and stated it was "pending Agency review."  *Id.* ¶ 12.  Since submission of the request, "more than three months have passed with no further communication from Defendants."  *Id.*

2

## II.    ANALYSIS

Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction ("PI") to "facilitate and effectuate his immediate return from Honduras to the United States." *Id.* at 2.

A party seeking a PI or TRO must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013). As for the threat of immediate and irreparable harm, undue delay "tends to negate the contention that the feared harm will truly be irreparable." *Traxcell Techs., LLC v. Cellco P'ship*, No. 6:24-mc-613-ADA, 2025 WL 711547, at *8 (W.D. Tex. Jan. 30, 2025). However, "[d]elay will not negate a finding of irreparable harm where the plaintiff has a good explanation." *Crossover Mkt. LLC v. Newell*, No. 1:21-cv-640-JRN, 2022 WL 1797359, at *2 (W.D. Tex. Jan. 12, 2022) (citations omitted). "[U]ndue delay means unreasonable and unexplained delay." *Compass Bank v. Dixon*, No. 17-cv-1576, 2018 WL 6733018, at *6 (S.D. Tex. Nov. 16, 2018) (citation omitted), *report and recommendation adopted*, No. 17-cv-1576, 2019 WL 652029 (S.D. Tex. Feb. 15, 2019).

A TRO is "an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Texas, Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012). The party requesting a TRO must, through specific facts in an affidavit or verified complaint, clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A).

3

Plaintiff argues that he is likely to succeed on the merits of his claims because his removal was directly contrary to law, he was not provided any process before he was removed, Defendants have failed to act on his facilitation of return request, and Defendants have a clear, nondiscretionary duty to return him. *Id.* at 6–8. Plaintiff argues that he will suffer irreparable harm absent issuance of a TRO because (1) "he is stranded in Honduras and living in fear," (2) "[he] has a master calendar hearing in Charlotte Immigration Court that he is physically unable to attend," "increase[ing] the risk of a second *in abstentia* removal order, which would extinguish his asylum claim permanently," (3) "[he] is separated from his family in the United States, including a United States citizen child with intellectual disabilities who depends on [him] for care," and (4) "more than three months have elapsed since [his] counsel submitted the [facilitation of return request]" and "[e]ach month of inaction is another month [he] cannot participate in his immigration proceedings." *Id.* at 10. Finally, Plaintiff argues that the balance of the equities and the public interest way in favor of granting the TRO because there is minimal burden on Defendants to issue parole documents and "[t]here is no public interest in the perpetuation of unlawful agency action." *Id.* at 11.

First, Plaintiff's alleged harm—that he will be unable to attend his master calendar hearing and participate in his immigration proceedings—is speculative. Plaintiff's master calendar hearing has now been administratively rescheduled to April 2027, and thus, his allegation that he will not be able to attend is merely conjecture of a remote future injury. At this time, it cannot be said that, absent this Court's issuance of a TRO, Plaintiff will be immediately and irreparably harmed. As for Plaintiff's alleged harm from being "stranded in Honduras" and "separated from his family," Plaintiff was removed to Honduras almost a year ago and is only now seeking a TRO. *See id.* ¶ 9; *id.* at 10. Plaintiff offers no explanation for his delay. *See*

4

*generally id.*; Compl. Thus, Plaintiff's delay negates his contention that the harm caused by being in Honduras and separated from his family is irreparable. *See Traxcell Techs., LLC*, 2025 WL 711547, at *8.

Therefore, the Court finds that Plaintiff has failed to make a sufficient showing of irreparable harm at this time and thus is not entitled to a TRO. *See Planned Parenthood Ass'n of Hidalgo Cnty. Texas, Inc*, 692 F.3d at 348. The Court, however, takes Plaintiff's request for a PI under advisement.

Accordingly, the Court **ORDERS** that Plaintiff's Motion, ECF No. 3, is **DENIED in part** as to Plaintiff's request for a TRO.

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE, by no later than March 23, 2026**, a supplemental brief with citation to authority addressing (1) whether the relief requested—an order directing Defendants to facilitate and effectuate Plaintiff's return to the United States—is proper preliminary injunctive relief to preserve the status quo; and (2) whether venue is proper in this Court, despite the fact that Plaintiff's immigration proceedings are in North Carolina.

**IT IS FURTHER ORDERED** that Defendants shall **FILE** a response to Plaintiff's Motion **by no later than April 6, 2026**.

**SO ORDERED**.

**SIGNED this 16th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5