IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SELVYN ARMANDO MENDOZA-TORRES, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-725-KC |
| KRISTI NOEM et al., | § § § | |
| Respondents. | § § | |

**ORDER**

On this day, the Court considered the case. On March 16, 2026, the Court denied in part Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order ("TRO") ("Motion"), ECF No. 3, as to Plaintiff's request for a TRO, and took under advisement Plaintiff's request for a Preliminary Injunction. Mar. 16, 2026, Order 5, ECF No. 6. The Court ordered Plaintiff to file a supplemental brief by March 23, and Respondents to file a response to the Motion by April 6. *Id.* Plaintiff has now filed a Supplemental Brief, ECF No. 7, and after receiving an extension, Apr. 2, 2026, Text Order, Respondents have filed a Response, ECF No. 24.

Respondents concede that Plaintiff was wrongfully removed to Honduras. Resp. 1. And appear to be unopposed to Plaintiff's request for an order to facilitate his return to the United States. *See id.* Indeed, Respondents state they are "currently working diligently to initiate the process to return [Plaintiff] to the United States." *Id.*

Considering that Respondents concede that Plaintiff was wrongfully removed over a year ago and have been on notice of his wrongful removal and request for return since at least December 2025, the Court intends to order Respondents to facilitate Plaintiff's return to the United States at the earliest reasonable opportunity. *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). "[T]he Government should be prepared to share what it can concerning the steps it has taken and the

prospect of further steps." *Id.* To that end, the Court **ORDERS** that Respondents shall **FILE** an advisory, **by no later than April 27, 2026**, answering, in specific detail, the following:

(1) What concrete steps have Respondents taken to facilitate Plaintiff's return to the United States?

(2) Have Respondents coordinated with Headquarters regarding Plaintiff's return? If so, when, and what was the result? If not, what is the anticipated timeline for coordinating with Headquarters?

(3) Have Respondents coordinated with the Attache who oversees ICE operations in Honduras? If so, when, and what was the result? If not, what is the anticipated timeline for coordinating with the Attache?

(4) What additional steps are required to facilitate Plaintiff's return?

(5) What is the anticipated timeline for taking each additional step?

(6) Can any of the required steps to facilitate Plaintiff's return be expedited?

(7) Are there any anticipated obstacles to completing any of the required steps?

(8) What is the anticipated timeline for returning Plaintiff to the United States?

(9) Where in the United States will Plaintiff be returned to so that he may participate in his removal proceedings?

**SO ORDERED.**

SIGNED this 21st day of April, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE